**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB# 119761
　E-Mail: Dana.Fox@lewisbrisbois.com
ERIC Y. KIZIRIAN, SB# 210584
　E-Mail: Eric.Kizirian@lewisbrisbois.com
MICHAEL K. GRIMALDI, SB# 280939
　E-Mail: Michael.Grimaldi@lewisbrisbois.com
DYANNE J. CHO, SB# 306190
　E-Mail: Dyanne.Cho@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant QUORN FOODS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KIMBERLY BIRBROWER, an individual, | CASE NO. |
| Plaintiff, | Los Angeles Sup. Ct. No. BC608107 |
| vs. | **DEFENDANT QUORN FOODS, INC.'S NOTICE OF REMOVAL OF CLASS ACTION** |
| QUORN FOODS, INC., a Delaware Corporation and DOES 1 through 100, inclusive, | |
| Defendant. | |

4817-4809-0670.1

PLEASE TAKE NOTICE that Defendant Quorn Foods, Inc. ("Quorn"), through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California, for the County of Los Angeles, to the United States District Court for the Central District of California, Western Division, under 28 U.S.C. §§ 1332, 1441, 1446, 1453. In support of this Notice of Removal, Quorn states:

1.  On or about January 22, 2016, plaintiff Kimberly Birbrower ("Plaintiff") commenced this putative class action against Quorn by filing a Class Action Complaint ("Complaint") in the Superior Court of the State of California, for the County of Los Angeles, bearing case number BC608107. The Complaint asserts four causes of action for (1) violations of California's Consumers Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1750 *et seq.*); (2) violations of California's Unfair Business Practices Act ("UCL") (Cal. Bus. & Prof. Code § 17200 *et seq.*); (3) violations of California's False Advertising Law ("FAL") (Cal. Bus. & Prof. Code § 17500 *et seq.*); and (4) fraud/fraudulent concealment.

2.  The U.S. Supreme Court recently affirmed that a defendant needs only to plausibly allege the requirements for federal jurisdiction to remove. That is, a defendant only needs to file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal"; no evidentiary submissions need to be submitted. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (citing 28 U. S. C. §1446(a)).

3.  As more fully set out below, this case is properly removed to this Court under 28 U.S.C. § 1441 and 1446 because Quorn has satisfied the venue and procedural requirements for removal, and because this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

I.  **THE REQUIREMENTS OF 28 U.S.C. §§ 1441 AND 1446 ARE MET.**

4.  *Timeliness.* A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or other papers from which

it may be ascertained that the case is removable. 28 U.S.C. § 1446(b). Counsel for Plaintiff mailed a copy of the Complaint to Quorn's undersigned counsel on January 27, 2016. The Complaint was received on January 29, 2016 and deemed served upon the undersigned's signing of the acknowledgement of receipt, which is dated February 2, 2016. Therefore, Quorn received a copy of the document from which it was ascertained that the case is removable, at the earliest, on February 2, 2016. Thus, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

5. *Removal to Proper Court.* The Superior Court of the State of California, for the County of Los Angeles, is located in the Central District of California, Western Division. 28 U.S.C. § 84(c). This Court is part of the district and division in which the action was filed – Los Angeles County, California. Thus, venue is proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1446(a).

6. *Procedural Requirements.* Section 1446(a) requires a removing party to provide this Court a copy of all "process, pleadings, and orders" served on it in the state court action. A true and correct copy of the Complaint and all papers served with the Complaint is attached hereto as Exhibit 1. As required by 28 U.S.C. § 1446(d), Quorn will file an appropriate notice in the state court action and will serve on all counsel of record a true and correct copy of this Notice of Removal.

7. No previous application has been made for the relief requested herein.

**II. REMOVAL IS PROPER BECAUSE THIS COURT HAS JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1441.**

8. This case is subject to removal under the Class Action Fairness Act of 2005. Pub. L. No. 109-2, 119 Stat. 4 (codified in various sections of 28 U.S.C.) ("CAFA").

9. As set forth below, this is a putative class action in which (1) there are 100 or more members in Plaintiff's proposed class; (2) at least some members of the proposed class have a different citizenship from Quorn; and (3) the aggregate

amount in controversy exceeds $5 million. Thus, this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1332(d) and 1453(b).

### A. Diversity of Citizenship.

10. At least one member of the proposed class is a citizen of a state different from Quorn. 28 U.S.C. § 1332(d)(2)(A).

11. A corporation like Quorn is a citizen of the state where it is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Here, Quorn is incorporated under the laws of the State of Delaware. (Comp. ¶ 5.)

12. Plaintiff brings this suit on behalf of a putative California class. (Comp. ¶ 18.) Plaintiff claims she "is a resident and citizen of the County of Los Angeles County, State of California." (Comp. ¶ 4.)

13. The diversity of citizenship between Plaintiff (California) and Quorn (Delaware) satisfies the minimal-diversity requirement of CAFA, which requires only that the citizenship of "any member of a class" be diverse from "any defendant." 28 U.S.C. § 1332(d)(2)(A). Because the named plaintiff is a California resident, and Quorn is a citizen of Delaware, the minimal-diversity requirement under CAFA is met.

### B. Class Action Consisting of More Than 100 Members.

14. Plaintiff purports to represent "all California citizens who purchased Quorn products within the state of California in the four years preceding the filing of [the] Complaint." (Comp. ¶ 8.)

15. Plaintiff asserts that "there are in excess of 50,000 members of the Class" who have purchased Quorn products in California. (Comp. ¶ 23.) Thus, there are at least 50,000 putative class members who purchased Quorn products in California since 2012.

16. Based on these allegations, the aggregate number of class members in Plaintiff's proposed class is far greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

### C. The Amount-in-Controversy Requirement Is Satisfied.

17. The aggregate amount-in-controversy, exclusive of interests and costs, exceeds the $5,000,000 jurisdictional minimum under CAFA. 28 U.S.C. §§ 1332(d)(2), 1332(d)(6). Quorn disputes that the proposed class could ever be certified or that Quorn is liable for any of the claims Plaintiff asserts in the Complaint. And while Plaintiff does not plead a specific amount of damages, for the reasons set forth below, the aggregate amount-in-controversy here easily exceeds $5,000,000. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 ("When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so.") (citing 28 U.S.C. §1446(c)(2)(A)).

18. Quorn products are widely available for purchase in California at most retailers, including Whole Foods Market, Kroger, Walmart, Target, and Albertsons.[1]

19. Plaintiff seeks, in relevant part, the following relief on behalf of the putative classes:

- "For actual damages in an amount to be determined at trial *but not less than one thousand dollars ($1000.00) per Class member* as provided by Civil Code § 1780(a)(1)" (Comp. ¶ 38; Comp., Prayer for Relief for First Cause of Action ¶ 3);

- "For injunctive relief including, but not limited to, an order: (a) Requiring Defendants to immediately remove from all packages of Quorn products sold in California any statements suggesting that the product is the same or similar to a mushroom, truffle or morel. This

---

[1] *See* "Frequently Asked Questions," http://www.quorn.us/faqs/.

4817-4809-0670.1

4

DEFENDANT QUORN FOODS, INC.'S NOTICE OF REMOVAL OF CLASS ACTION

includes deleting the following statement: '[T]here are believed to be over 600,000 varieties of fungi in the world, many of which are among the most sought after varieties of mushroom, truffles, and morels.' (b) Requiring Defendants to prominently disclose on the front of its product packaging in bold print and large font that '**THIS PRODUCT CONTAINS MOLD**' in order to cure the false advertising Defendants have been disseminating for years. (c) Requiring Defendants to prominently disclose on the back of its product packaging in California, and on the homepage of its website the following statement: '**THE "MYCOPROTEIN" INGREDIENT IN QUORN PRODUCTS IS FERMENTED SOIL MOLD; IT IS NOT A MUSHROOM, TRUFFLE OR MOREL.**'" (Comp. ¶¶ 39, 49, 57, 69; Comp., Prayer for Relief for First Cause of Action ¶ 2; Comp., Prayer for Relief for Second Cause of Action ¶ 2; Comp., Prayer for Relief for Third Cause of Action ¶ 2; Comp., Prayer for Relief for Fourth Cause of Action ¶ 2);

- For "restitution of all sums wrongfully obtained by Defendants [as a result of their violations of the CLRA, UCL, and FAL], including, but not limited to, the difference between what the market value of Quorn products would have been had Defendants prominently disclosed the product contained mold and the sales price paid by Plaintiff and the Class" (Comp. ¶¶ 40, 50, 58; Comp., Prayer for Relief for First Cause of Action ¶ 4; Comp., Prayer for Relief for Second Cause of Action ¶ 3; Comp., Prayer for Relief for Third Cause of Action ¶ 3; Comp., Prayer for Relief for Fourth Cause of Action ¶ 3);

- For punitive damages "in an amount sufficient to deter such violations of the [CLRA and such wrongful conduct] in the future" (Comp. ¶¶ 41, 68; Prayer for Relief for First Cause of Action ¶ 5; Comp., Prayer for Relief for Fourth Cause of Action ¶ 5);

- For an award of attorney's fees, costs, and expenses (Comp., Prayer for Relief for First Cause of Action ¶ 6; Comp., Prayer for Relief for Second Cause of Action ¶ 5; Comp., Prayer for Relief for Third Cause of Action ¶ 5; Comp., Prayer for Relief for Fourth Cause of Action ¶ 8);

- "For prejudgment and post judgment interest to the extent permitted by law" (Comp., Prayer for Relief for Second Cause of Action ¶ 4; Comp., Prayer for Relief for Third Cause of Action ¶ 4; Comp., Prayer for Relief for Fourth Cause of Action ¶ 9);

- For a constructive trust "to prevent unjust enrichment and to compel the restoration of property (money) to Plaintiff and the Class which Defendants acquired through fraud" (Comp. ¶ 67; Comp., Prayer for Relief for Fourth Cause of Action ¶ 7);

- For disgorgement of all profits wrongfully earned by Defendants (Comp., Prayer for Relief for Fourth Cause of Action ¶ 6);

- "For such other and further relief as the Court deems just and proper" (Comp., Prayer for Relief for First Cause of Action ¶ 7; Comp., Prayer for Relief for Second Cause of Action ¶ 6; Comp., Prayer for Relief for Third Cause of Action ¶ 6; Comp., Prayer for Relief for Fourth Cause of Action ¶ 10).

20. As emphasized above, Plaintiff requests at least $1,000.00 in actual damages per class member. The putative California class here includes at least 50,000 California citizens who purchased Quorn products. (See ¶ 15 *supra*.) Thus, the aggregate amount in controversy would exceed the jurisdictional minimum by

approximately $45 million (50,000 x $1000 = $50,000,000). This analysis does not include Plaintiff's other claims for relief, such as restitution, injunctive relief, and punitive damages.

Thus, defendant Quorn respectfully requests removal of this action from the Superior Court of the State of California, for the County of Los Angeles, bearing case number BC608107, to this Court under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

DATED: February 26, 2016

DANA ALDEN FOX
ERIC Y. KIZIRIAN
MICHAEL K. GRIMALDI
DYANNE J. CHO
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Eric Y. Kizirian
Eric Y. Kizirian
Attorneys for Quorn Foods, Inc.

**FEDERAL COURT PROOF OF SERVICE**
Kimberly Birbrower vs. Quorn Foods, Inc. - Case No. BC 608107

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On February 26, 2016, I served the following document(s): **DEFENDANT QUORN FOODS, INC.'S NOTICE OF REMOVAL OF CLASS ACTION**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Jason M. Frank | Eric F. Yuhl |
| Scott H. Sims | Colin A. Yuhl |
| Eagan Avenatti, LLP | Yuhl Carr LLP |
| 520 Newport Center Drive, Suite 1400 | 4676 Admiralty Way, Suite 550 |
| Newport Beach, CA 92660 | Marina del Rey, CA 90292 |
| jfrank@eaganavenatti.com | eyuhl@yuhlcarr.com |
| ssims@eaganavenatti.com | cayuhl@yuhlcarr.com |
| T: (949) 706-7000 | T: (310) 827-2800 |
| F: (949) 706-7050 | F: (310) 827-4200 |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |

The documents were served by the following means:

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on February 26, 2016, at Los Angeles, California.

/s/ Celia R. Shane
Celia R. Shane

4817-4809-0670.1

8

DEFENDANT QUORN FOODS, INC.'S NOTICE OF REMOVAL OF CLASS ACTION