LEWIS BRISBOIS BISGAARD & SMITH LLP
DANA ALDEN FOX, SB# 119761
  E-Mail: Dana.Fox@lewisbrisbois.com
ERIC Y. KIZIRIAN, SB# 210584
  E-Mail: Eric.Kizirian@lewisbrisbois.com
MICHAEL K. GRIMALDI, SB# 280939
  E-Mail: Michael.Grimaldi@lewisbrisbois.com
DYANNE J. CHO, SB# 306190
  E-Mail: Dyanne.Cho@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant
Quorn Foods, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KIMBERLY BIRBROWER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>QUORN FOODS, INC., a Delaware Corporation and Does 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:16-cv-01346-DMG<br><br>Hon. Dolly M. Gee<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF QUORN FOODS, INC.'S MOTION TO DISMISS PLAINTIFF KIMBERLY BIRBROWER'S FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date:  August 19, 2016<br>Time:  9:30 a.m.<br>Place:  Courtroom 7 |

## REQUEST FOR JUDICIAL NOTICE

Quorn Foods, Inc. ("Quorn"), through its undersigned counsel, hereby respectfully requests that the Court take judicial notice of the following attached exhibits under Rule 201 of the Federal Rules of Evidence:

| Exhibit | Document |
|---|---|
| 1 | http://www.quorn.us/, http://www.quorn.us/about/, http://www.quorn.us/faqs/ |
| 2 | http://www.mycoprotein.org/, http://www.mycoprotein.org/what_is_mycoprotein/index.html, http://www.mycoprotein.org/what_is_mycoprotein/mycoprotein_story.html, http://www.mycoprotein.org/faq/index.html |
| 3 | Quorn's Official Notice to FDA Re: Mycoprotein Is Generally Recognized as Safe (Nov. 30, 2001) http://www.fda.gov/downloads/food/ingredientspackaginglabeling/gras/noticeinventory/ucm266876.pdf |
| 4 | FDA's Response Letter Re: Quorn's Notice That Mycoprotein Is Generally Recognized as Safe, (Jan. 7, 2002) http://www.fda.gov/food/ingredientspackaginglabeling/gras/%20noticeinventory/ucm154623.htm |
| 5 | https://www.quornfacts.com/, https://www.quornfacts.com/mycoprotein-explained, https://www.quornfacts.com/safety |
| 6 | http://www.merriam-webster.com/dictionary/fungus (defining "fungus" as "any of a kingdom (Fungi) of saprophytic and parasitic spore-producing eukaryotic typically filamentous organisms formerly classified as plants that lack chlorophyll and include *molds*, rusts, |

| | | |
|---|---|---|
| | | mildews, smuts, mushrooms, and yeasts"); http://www.oxforddictionaries.com/us/definition/american_english/fungus (defining "fungus" as "Any of a group of unicellular, multicellular, or syncytial spore-producing organisms feeding on organic matter, including *molds*, yeast, mushrooms, and toadstools"); CLARK, ET AL., BROCK BIOLOGY OF MICROORGANISMS p. 43 (13th ed. 2012) ("Fungi . . . lack photosynthetic pigments and are either unicellular (yeasts) or filamentous (molds)."); *id.* p. 601 ("Fungi are a large, diverse, and widespread group of organisms, consisting of the *molds*, *mushrooms*, and *yeasts*.); http://www.cdc.gov/mold/faqs.htm ("*Molds are fungi* that can be found both indoors and outdoors."); http://www.seymoursimon.com/index.php/science_dictionary/mold/ (defining "mold" as a "A small, fuzzy-looking fungi that grows on the surface of damp or decaying food or other organic materials") |
| | 7 | *Quorn, a Laboratory Mold Creation, Invades the U.S.*, (May 21, 2002), http://www.vegparadise.com/news16.html (calling mycoprotein a mold) |
| | 8 | *Press Release*, http://www.cspinet.org/new/quornpr_050102.html (May 1, 2002) (arguing that the "F. Venenatum is a fungus" used in mycoprotein is "more accurately described as a "mold.") |
| | 9 | *CSPI Calls for Recall of "Quorn" Meat Substitute*, (Aug. 12, 2002) http://www.cspinet.org/new/200208121.html ("Quorn's fungus is actually a mold") |
| | 10 | Wiebe, *Quorn Myco-protein - Overview of a successful fungal product*, 18 MYCOLOGIST 17 (2004), http://www.davidmoore.org.uk/Assets/fungi4schools/Reprints/Mycologist_articles/Post-16/Foods/V18pp017-020_Quorn.pdf |

| 11 | Hoff, *Immediate-Type Hypersensitivity Reaction to Ingestion of Mycoprotein (Quorn) in a Patient Allergic to Molds Caused by Acidic Ribosomal Protein P2*, 111 J. ALLERGY CLIN. IMMUNOL. 1106 (2003), http://www.jacionline.org/article/S0091-6749(03)80140-9/pdf |
|---|---|
| 12 | Wiebe, *Myco-Protein from Fusarium Venenatum: A Well-Established Product for Human Consumption*, 58 APPLIED MICROBIOLOGY & BIOTECHNOLOGY 421 (2002), http://blogs.uoregon.edu/bi432/files/2014/10/quorn-fusarium-1c4jakx.pdf |
| 13 | Yoder, *Species-Specific Primers Resolve Members of Fusarium Section Fusarium: Taxonomic Status of the Edible "Quorn" Fungus Reevaluated*, 23 FUNGAL GENETICS & BIOLOGY 68 (1998), www.sciencedirect.com/science/article/pii/S1087184597910276 |
| 14 | *The Real Story Behind Penicillin*, PBS (Sept. 27, 2013) http://www.pbs.org/newshour/rundown/the-real-story-behind-the-worlds-first-antibiotic |
| 15 | *Food Allergies: What You Need to Know*, FDA (May 09, 2016) http://www.fda.gov/Food/ResourcesForYou/Consumers/ucm079311.htm |

**I.   THE COURT SHOULD TAKE NOTICE OF QUORN'S WEBSITES BECAUSE PLAINTIFF EXPLICITLY REFERENCES AND INCORPORATES THEM INTO THE FAC.**

Courts may take judicial notice of matters that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). And a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2); *In re*

*Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014). The Court need not accept as true allegations that contradict facts which may be judicially noticed. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

Taking notice of Quorn's websites is proper (Exhibits 1-2, 5). First, the existence and contents of these publically-available websites "cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Second, plaintiff incorporates these websites into her complaint by attaching to her complaint an example of the back of the packaging of Quorn products that explicitly references Quorn's website. FAC Ex. A.

The statement at issue in this case is located on the back packaging and reads as follows:

> Quorn Gruyère Chik'n Cutlets are made with mycoprotein ("myco" is Greek for "fungi') and are completely meatless and soyfree. There are believed to be over 600,000 varieties of fungi in the world, many of which are among the most sought after foods like varieties of mushroom, truffles, and morels. For more information on nutritious mycoprotein **check out our website above**. ]FAC Ex. A (emphasis added).]

As the last sentence indicates, Quorn expressly directs customers to visit Quorn's website to answer any questions a consumer may have about mycoprotein. *Id.* The top of the packaging also expressly directs customers to visit its website—www.quorn.us. *Id.* The FAC thus cannot be reasonably evaluated—especially the nondisclosure claims—without viewing the Quorn's websites that are expressly relied upon and incorporated by reference into the FAC.

When considering a motion to dismiss, courts "are permitted to consider documents that were not physically attached to the complaint where the documents' authenticity is not contested, and the plaintiff's complaint necessarily relies on them." *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (affirming grant of motion to dismiss after considering subpoenas that were not attached to the complaint); see also *Parrino v. FHP Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (holding that a court "may consider a document the authenticity of which is not

contested, and upon which the plaintiff's complaint necessarily relies" even if the complaint does not reference it); *Dent v. Cox Commc'ns Las Vegas, Inc.*, 502 F.3d 1141, 1143 (9th Cir. 2007) (finding it proper to take judicial notice of a document that was "integral to [the plaintiff]'s claim").

The Court may also notice documents incorporated by reference. *See, e.g., Tellabs Inc. v. Makor Issues & Rights Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference . . . ."); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 2002) (incorporation-by-reference doctrine permits courts to take judicial notice of documents "whose contents are alleged in a complaint . . . ."); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("The rationale of the 'incorporation by reference' doctrine applies with *equal force to internet pages* as it does to printed material.") (emphasis added).

Here, because Quorn's label that is attached to the FAC expressly directs consumers to visit Quorn's website, plaintiff has both incorporated by reference and necessarily relied on Quorn's website. Quorn's website directly links to two other sites (http://www.mycoprotein.org/, https://www.quornfacts.com/) that contain the information plaintiff claims was not disclosed. As such, the Court should take judicial notice of the "existence and contents" of these incorporated websites. See, e.g., *Kirsopp v. Yamaha Motor Co.*, 2015 U.S. Dist. LEXIS 68639, at *8-9 (C.D. Cal. Jan. 7, 2015) (taking judicial notice of the existence and contents of an owner's manual).

## II.   THE COURT SHOULD TAKE JUDICIAL NOTICE OF PUBLIC INFORMATION ON GOVERNMENT WEBSITES AND PUBLIC FILINGS.

Quorn requests that the Court take notice of Quorn's Notice to FDA Re: Mycoprotein Is Generally Recognized as Safe, the FDA's Response Letter, a CDC

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

4852-8271-6977.8   5   2:16-cv-01346-DMG
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF QUORN'S MOTION TO DISMISS PLAINTIFF'S FAC

webpage, and a few FDA webpages (Exhibits 3-4, 6, 14, 16). Like other decisions,[1] the Court should take notice of the existence and contents of the information on these government websites, which cannot be subject to dispute.

### III. THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE DICTIONARY AND TEXTBOOK DEFINITIONS OF A FUNGUS AND MOLD.

Dictionary and textbook definitions are frequently noticed because of their established authenticity.[2] Exhibit 6 contains various dictionary and textbook definitions of "fungus" and "mold." These words are not defined anywhere in the FAC but used throughout. To properly evaluate the FAC, the Court needs to know the definitions of these words. The general definitions establish beyond any scientific doubt that a mold is a type of fungus. Because there is nothing to dispute, the Court should take notice of these definitions and scientific facts. Cf. *Daubert v.*

---

[1] See, e.g., *Global BTG L.L.C. v. Nat'l Air Cargo, Inc.*, 2011 WL 2672337, at *1 (C.D. Cal. June 29, 2011) (taking judicial notice of a "print-out of an internet search for business entities on the California Secretary of State website"); *J&J Sports Prods., Inc. v. Cal City Post No. 476*, 2011 WL 2946178, at *8 n.5 (E.D. Cal. July 21, 2011) (taking judicial notice of city populations obtained from "the Internet website for the United States Census Bureau"); *Gent v. CUNA Mut. Ins. Soc'y*, 611 F.3d 79, 84 n.5 (1st Cir. 2010) (taking judicial notice of description of Lyme Disease published on "the website of the Center for Disease Control and Prevention ('CDC'), a U.S. federal agency under the Department of Health and Human Services").

[2] See, e.g., *Singh v. Ashcroft*, 393 F.3d 903, 905 (9th Cir. 2004) (taking notice of an article in the Encyclopedia Britannica); 29 AM. JUR. 2D EVIDENCE § 26 (2008) ("Since judicial notice is not limited by the actual knowledge of the individual judge, judges may refresh their memories of matters properly subject to judicial notice from encyclopedias, textbooks, dictionaries, or similar publications of established authenticity."); *Solid 21, Inc. v. Breitling U.S.A. Inc.*, 2011 WL 2938209, at *4 n.1 (C.D. Cal. July 19, 2011) ("the Court takes judicial notice that the Oxford English Dictionary website lists this definition . . . ."). *LaGatta v. Penn. Cyber Charter Sch.*, 2011 WL 3957294, at *5 n.4 (W.D. Pa. Sept. 7, 2011) (describing its citation of an online medical dictionary and declaring that "[a] court may rely on and take judicial notice of dictionary definitions"); *Turman-Kent v. Merit Sys. Prot. Bd.*, 657 F.3d 1280, 1290 n.5 (Fed. Cir. 2011) (citing three medical dictionaries for the proposition that "brain damage resulting from a stroke is irreversible"); *United States v. Henry*, 417 F.3d 493, 494 (5th Cir. 2005) (citing a dictionary as one of several sources for the judicially noticed fact that "both a 12-gauge shotgun and a 16-gauge shotgun have bore diameters in excess of one-half inch").

*Merrell Dow Pharms.*, 509 U.S. 579, 592 n.11 (1993) ("[T]heories that are so firmly established as to have attained the status of scientific law, such as the laws of thermodynamics, properly are subject to judicial notice under Federal Rule of Evidence 201.").

### IV. THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE EXISTENCE AND CONTENTS OF VARIOUS PUBLISHED ARTICLES ON THE MYCOPROTEIN USED IN QUORN PRODUCTS.

Quorn requests that the Court notice the existence and contents of various academic articles and other publications (Exhibits 7-13, 15). These articles establish that it was public knowledge *before* plaintiff's 2012 Quorn purchase that mycoprotein is made from the strain of fungus/mold called fusarium venenatum. Courts "have discretion to take judicial notice under Rule 201 of the existence and content of published articles." *United States v. W. R. Grace*, 504 F.3d 745, 766 (9th Cir. 2007); see also *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 n.13 (2007). The Court should use that discretion to notice these articles because judicial notice is especially appropriate where, as here, the fact is "stated over and over again in countless sources" and so can be verified easily enough by opposing parties. See 1 MUELLER & KIRKPATRICK, FEDERAL EVIDENCE § 2:5 (3d ed. 2007)

The fact that some of the publications are only available online is no barrier to judicial notice. "It is not uncommon for courts to take judicial notice of factual information found on the world wide web." *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007).[3] There is again nothing to reasonably dispute

---

[3] See, e.g., *Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1113 (9th Cir. 2012) (taking judicial notice of information on the Tennessee Titans team webpage); *United States v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012) (taking judicial notice of "a Google map and satellite image" for "the purpose of determining the general location" of a home); *O'Toole v. Northrop Grumman Corp.*,499 F.3d 1218, 1225 (10th Cir. 2007) (reversing district court's ruling with respect to damages because "the district court abused its discretion by failing to take judicial notice of the actual earnings history provided by Northrop Grumman on the (footnote continued)

here.

## V. CONCLUSION

For the foregoing reasons, Quorn respectfully requests that the Court take judicial notice of Exhibits 1-15.

Dated: May 20, 2016

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Eric Y. Kizirian
Attorneys for Defendant
Quorn Foods, Inc.

---

[I]nternet"); *Chhetry v. U.S. Dep't of Justice*, 490 F.3d 196, 199-200 (2d Cir. 2007) (stating that the Board of Immigration Appeals (BIA) could take judicial notice of "changed country conditions based on news articles found on yahoo.com, or the websites of CNN and BBC News," and indicating that courts can "exercise independent discretion to take judicial notice of . . . changes in a country's politics" because the articles accessed on the Internet came "from reputable news organizations"); *Ceglia v. Zuckerberg*, 2012 WL 503810, at *11 & n.10 (W.D.N.Y. Feb. 14, 2012) (taking judicial notice of worth of Facebook via article available on Wall Street Journal's internet site).