EAGAN AVENATTI, LLP
Michael J. Avenatti (Bar No. 206929)
mavenatti@eaganavenatti.com
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
Telephone:  949-706-7000
Facsimile:   949-706-7050

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY BIRBROWER, an individual,<br><br>            Plaintiff,<br><br>       vs.<br><br>QUORN FOODS, INC., a Delaware Corporation and DOES 1 through 100, inclusive,<br><br>            Defendant. | Case No. 2:16−cv−01346−DMG<br><br>Hon. Dolly M. Gee<br><br>**EAGAN AVENATTI, LLP'S OBJECTIONS TO PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>[**FILED CONCURRENTLY WITH THE DECLARATION OF MICHAEL J. AVENATTI**]<br><br>Date: February 3, 2017<br>Time: 9:30 a.m.<br>Location: Courtroom 8C |

## I. INTRODUCTION

Counsel Michael Avenatti and Eagan Avenatti, LLP (collectively, "EA") object to Plaintiff's Notice of Motion and Unopposed Motion for Preliminary Approval of Class Action Settlement [Dkt No 32] on the grounds that the proposed settlement agreement improperly disburses an attorneys' fees and costs award that is subject to a lien and a pending arbitration proceeding between EA and Ms. Birbrower relating to EA's lien rights and the proper division of the attorneys' fees and costs in this case.[1] In other words, EA's former co-counsel are attempting to have this Court, through approval of the Settlement Agreement, unwittingly approve and sanction an improper disbursement of attorneys' fees and costs in violation of EA's lien rights under California law.

Accordingly, and because this Court lacks jurisdiction to determine the validity of the lien, the Court should deny the motion and require the Settlement Agreement to be amended to require that any award for costs or attorneys' fees be deposited into a joint escrow account or with this Court until resolution of the pending arbitration proceeding between EA and Ms. Birbrower, which is expected in August as a result of the current schedule in that case.

## II. FACTUAL BACKGROUND

In July 2015, Plaintiff Kimberly Birbrower entered into a contingent fee agreement with EA under which EA agreed to file a class action complaint on her behalf against Quorn Foods, Inc. [Declaration of Michael J. Avenatti ("Avenatti

---

[1] There are few things more untoward in litigation than co-counsel fighting over attorneys' fees. For this reason and to avoid burdening this Court, prior to filing this objection, EA attempted in good faith to resolve this dispute with counsel for Quorn and Birbrower to no avail. Unfortunately, counsel refused to consider or agree to any alternative arrangement other than having the fees and costs in their entirety sent to Mr. Yuhl's firm. Regrettably, this filing followed.

Decl.") ¶ 2.] On January 22, 2016 EA, together with Yuhl Carr LLP, EA's co-counsel, filed this lawsuit in Los Angeles County Superior Court. Shortly thereafter, the case was removed to this Court.

In May 2016, EA separated three non-equity attorneys from the firm – Scott Sims, Jason Frank and Andrew Stolper. [Id. at ¶ 3.] Two of the three attorneys – Mr. Sims and Mr. Frank – were working on this case as of the time of their separation from the firm. [Id.] Shortly thereafter, Messrs. Sims and Frank had the client, Ms. Birbrower, terminate EA's representation of her in this lawsuit. [Id. at ¶ 4.] Within days thereafter, this case was mediated to a near settlement by the departed attorneys. [Id. at ¶ 5.]

In response to the termination and after being informed that the case was nearly settled, on June 17, 2016, EA properly protected its financial interest in the outcome of the case by filling a Notice of Lien for Attorneys' Fees and Costs. [See Dkt No 17.] The Notice of Lien specifically warned that under California law, "absent an order by the Court, no monies in connection with any settlement or resolution of this matter are permitted to be transferred and/or distributed without providing Eagan Avenatti, LLP adequate notice *and security*." [Id. at 2.] Shortly thereafter, on July 22, 2016, EA initiated an arbitration proceeding against Ms. Birbrower as required under California law to determine its contractual rights to attorneys' fees and costs earned from representing her in this action.[2] [Avenatti Decl. ¶ 7.] EA did so only after Messrs. Frank, Sims and Eric Yuhl repeatedly refused to provide EA with any information relating to the status of the settlement as required under California law. [Id. at ¶6.]

---

[2] Birbrower is purportedly represented in that proceeding by Messrs. Sims, Frank, Stolper and Yuhl, all of whom have a direct financial interest in the outcome of the arbitration. [Avenatti Decl. ¶ 7.]

In defiance of the Notice of Lien, Ms. Birbrower and her counsel, together with Quorn and their counsel, have now filed a Class Action Settlement Agreement and Release for approval by this Court that purports to provide for distribution of the attorneys' fees and costs. [See Dkt No 32-2, Ex A.] In an obvious attempt to settle around EA's lien and gain control of the monies in dispute, the agreement provides that "[t]he Claims Administrator will issue a single check payable to Yuhl Carr LLP for Class Counsel's Fees and Expenses as approved by the Court, to be paid from the Settlement Fund." [Id. at p. 25.] The proposed settlement agreement, however, does not contain any provision protecting EA's rights to any of the funds or providing EA any security. Instead, counsel for Quorn and Ms. Birbrower seek to have this Court sanction the disbursement of all of the attorneys' fees and costs directly to Yuhl Carr, one of the firms representing Ms. Birbrower, rather than to a joint escrow account or this Court, where the money could be held until the fee and cost arbitration is decided. *This is improper and constitutes a clear attempt to avoid EA's lien and entitlement to a portion of the fees and costs by gaining unfettered access to the monies.*

## III.   ARGUMENT

In California, attorney's liens are created by contract with clients, "either by an express provision in the attorney fee contract *or by implication* where the retainer agreement provides that the attorney is to look to the judgment for payment for legal services rendered." Carroll v. Interstate Brands Corp., 99 Cal. App. 4th 1168, 1172 (2002) (citations omitted)(emphasis added).

While it is well established that a law firm may file a notice of lien in a case, it is equally well established that:

> the trial court in the underlying action has no jurisdiction to determine the existence or validity of an attorney's lien on the judgment. The trial court does have fundamental

-3-

> jurisdiction over the subject matter and over the parties. Nevertheless, because the attorney is not a party to the underlying action and has no right to intervene, the trial court acts in excess of its jurisdiction when it purports to determine whether the attorney is entitled to foreclose a lien on the judgment. Nor can the court entertain a motion to terminate the lien. After the client obtains a judgment, the attorney must bring a separate, independent action against the client to establish the existence of the lien, to determine the amount of the lien, and to enforce it. An order within the underlying action purporting to affect an attorney's lien is void.

Id. at 1173 (reversing order expunging attorney's lien); see also Brown v. Superior Court, 116 Cal. App. 4th 320, 328 (2004) (stating same rule); Valenta v. Regents of Univ. of California, 231 Cal. App. 3d 1465, 1470 (Ct. App. 1991) (explaining that "the practice of filing a notice of lien in a pending action is permissible, and even advisable" and that the trial "court lacked jurisdiction to enter an order beyond that permitting the filing of a notice of lien in the pending action"); Hansen v. Jacobsen, 186 Cal.App.3d 350 (1986) (ruling that the validity and amount of the lien need not be determined prior to providing notice of the lien). Therefore, not only does this Court need not consider the merits of EA's lien to rule on its objection, but it lacks jurisdiction to do so. This would be true even absent the current arbitration proceeding that is addressing these issues. For these reasons, placing the contested funds into an escrow account or depositing them with this Court is the appropriate response from the Court, as doing so will protect EA's lien interest without requiring the Court to determine the lien's validity in a lengthy proceeding that will delay settlement for the class.

Under California law, an attorney with a lien (here, Eagan Avenatti, LLP) is considered "an equitable assignee of the judgment or settlement to the extent of fees and costs which are due . . . for services." Levin v. Gulf Ins. Group, 69 Cal.App.4th 1282, 1286, 82 Cal.Rptr.2d 228 (1999). Once another attorney receives notice of a

1 lien (here, Plaintiffs' counsel and counsel for the defendant), he or she is held to a
2 fiduciary obligation with respect to the funds. See Matter of Respondent P, 2
3 Cal.State Bar Ct.Rptr. 622, 632 (Rev.Dept. 1993); California State Bar Formal
4 Opinion 2008-175 (http://ethics.calbar.ca.gov/LinkClick.aspx?fileticket=g6c744o-
5 RPM%3D&tabid=838).[3] Despite this legal standard, the parties and their counsel
6 now seek to have this Court sanction through approval of the settlement agreement
7 what cannot be done legally – distribution of the funds to one counsel to the
8 detriment of Eagan Avenatti, LLP's rights and security. This is improper.

9 Placing the attorneys' fee awards in an escrow account or on deposit with the
10 Court is the appropriate solution here, as it is a standard term of class action
11 settlements. See, e.g., Smith v. Qwest Commc'ns Co., LLC, No. C11-02599 TEH,
12 2013 WL 3200592, at *4 (N.D. Cal. June 24, 2013) (ordering that defendant "shall
13 deposit the fee-and-expense award approved by the Court into the interest-bearing
14 escrow account—established as a Qualified Settlement Fund within the meaning of
15 Treasury Regulation § 1.468B and as a trust under state law"); Zografos v. Qwest
16 Commc'ns Co., LLC, No. 6:00-CV-06201-AA, 2013 WL 3766561, at *4 (D. Or.
17 July 11, 2013) (ordering same); Bendixen v. Sprint Commc'ns Co. L.P., No. 3:11-
18 CV-05274-RBL, 2013 WL 2949569, at *4 (W.D. Wash. June 14, 2013) (ordering
19 same); Amunrud v. Sprint Commc'ns Co. L.P., No. CV 10-57-BLG-CSO, 2012 WL
20 443751, at *4 (D. Mont. Feb. 10, 2012) (ordering same).

---

[3] The recent case of Mojtahedi v. Vargas, 228 Cal. App. 4th 974 (2014) did nothing to change this well-established law in California. Instead, Mojtahedi addressed a different issue – the requirement that an attorney adjudicate the existence of the lien against the client *before bringing suit* against subsequent counsel for misappropriation, conversion, etc. Importantly, Mojtahedi does not address, let alone change, the law in California relating to the duties of counsel and third parties with notice of a lien nor does it address the inherent ability of this Court to safeguard funds in a class action setting pending resolution of the arbitration between EA and Ms. Birbrower. Accordingly, Mojtahedi is inapposite to the analysis relating to this objection.

-5-
OBJECTIONS TO PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT

Indeed, in a recent similar case where a nonparty asserted that it had a lien against an attorney, the court in In re TFT-LCD (Flat Panel) Antitrust Litig. set aside the disputed portion of his class action settlement fee award in an escrow account. See No. M 07-1827 SI, 2013 WL 1365900, at *7 (N.D. Cal. Apr. 3, 2013).

EA seeks the same thing.  It asks the Court to place all of the attorneys' fees and costs award into an escrow account or order them deposited with this Court (EA's preference) until the arbitration proceeding determines the respective rights of all counsel, EA included, to the attorneys' fees and costs in this matter.  By placing the money in escrow or on deposit with this Court, (1) the status quo will be maintained and (2) there will not be any improper pressure that would prevent the fee dispute from being decided entirely on the merits.  C.f.  Desantis v. Snap-On Tools Co., LLC, No. CIVA.06-CV-2231(DMC), 2007 WL 77326, at *7 (D.N.J. Jan. 5, 2007) (explaining that it was the court's intention "in approving the Settlement Agreement and $13 million fee award, that the fee award be placed in escrow so as not to impose unnecessary pressure on the Court to discern the proper allocation of fees between Class Counsel."); Complaint of Clearsky Shipping Corp., No. CIV. A. 96-4047, 1998 WL 898361, at *1 (E.D. La. Dec. 22, 1998) (explaining that court had ordered portion of all recoveries to be "deposited into the registry of the court to be held in an interest-bearing account pending further order of the court" pending resolution of fee dispute).   This approach makes sense, because were a court to ignore the existence of a notice of attorney's lien and allow immediate disbursement of the money to Birbrower's current counsel (as proposed), doing so would "constitute a denial of substantial justice and therefore an abuse of discretion for the trial court to direct payment of the judgment proceeds to [someone else] without giving [the law firm] a fair opportunity to first litigate the validity of his lien claim in a separate action."  Brown, 116 Cal. App. 4th at 335.  Because EA has already promptly initiated an arbitration proceeding to determine the validity of its lien,

-6-
OBJECTIONS TO PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

disbursing the attorneys' fees and costs award before the proceeding has reached a conclusion would be unfair to EA, as EA has proceeded without delay and cannot litigate the validity of its lien claim more swiftly than it already is.

To be clear, EA does not presently seek to challenge the amount of fees or costs permitted under the Settlement Agreement. It only seeks to challenge the *division* of those fees and costs and EA's entitlement to a portion of those fees and costs. Therefore, the fee dispute does not have any impact on the amount of fees the Court approves. Regardless of the amount the Court ultimately awards, whether the $1,350,000 described in the Settlement Agreement or some other amount, under EA's proposal, all fees and costs will be placed in escrow or on deposit with the Court and the amount available to the class will not be affected. Neither Birbrower, absent class members, nor Quorn will be personally affected. Therefore, and importantly, class members will not be delayed in receiving compensation from the settlement.

Moreover, EA's requested approach guarantees that all counsel are protected, i.e. have security, as it relates to the fees and costs at issue. It also ensures that this Court does not become an unwitting participant in an attempt by EA's former co-counsel to circumvent EA's lien rights.

## IV. CONCLUSION

For the foregoing reasons, EA respectfully requests that the motion be denied and that the Court order that the Settlement Agreement be amended to require that any award for costs or attorneys' fees be deposited into a joint escrow account or with this Court until resolution of the pending arbitration proceeding between EA and Ms. Birbrower. In the alternative, EA respectfully requests the relief this Court deems just and proper.

DATED: January 13, 2017          EAGAN AVENATTI, LLP

By: */s/ Michael J. Avenatti*
     Michael J. Avenatti