FRANK SIMS & STOLPER LLP
Jason M. Frank (Bar No. 190957)
jfrank@lawfss.com
Scott H. Sims (Bar No. 234148)
ssims@lawfss.com
19800 MacArthur Blvd., Suite 855
Irvine, CA 92612
Telephone: 949.201.2400
Facsimile: 949.201.2405

YUHL CARR LLP
Eric F. Yuhl (Bar No. 102051)
eyuhl@yuhlcarr.com
Colin A. Yuhl (Bar No. 259196)
cayuhl@yuhlcarr.com
4676 Admiralty Way, Suite 550
Marina del Rey, CA 90292
Telephone: 310.827.2800
Facsimile:  310.827.4200

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY BIRBROWER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>QUORN FOODS, INC., a Delaware Corporation and DOES 1 through 100, inclusive,<br><br>Defendant. | CASE NO.: 2:16−cv−01346−DMG−AJW<br><br>**PLAINTIFF'S OPPOSITION TO NON-PARTY EAGAN AVENATTI, LLP'S OBJECTIONS TO PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:       February 3, 2017<br>Time:      9:30 a.m.<br>Location:  Courtroom 8C |

## I.   INTRODUCTION

Plaintiff Kimberly Birbrower ("Plaintiff") hereby responds and objects to Eagan Avenatti LLP's Objections to Plaintiff's Notice of Motion and Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Objections"). The Objections should be disregarded because (1) Eagan Avenatti LLP ("EA") does not have standing to object to the proposed settlement or request any relief from the Court; (2) EA is trying to improperly circumvent two pending arbitrations determining whether EA has a lien or *quantum meruit* rights in this matter; (3) EA's requested remedy is not necessary or proper; and (4) the authorities EA relies on in its Objections are inapposite to the present case.

## II.   EA DOES NOT HAVE STANDING TO REQUEST RELIEF IN THIS MATTER

EA does not have standing to object to the proposed settlement, oppose the motion for preliminary approval or request any other relief from the Court. EA is not a party to this lawsuit. [Declaration of Jason M. Frank ("Frank Decl."), ¶ 3.] EA does not represent any proposed class members. [*Id.*] EA's only connection to this lawsuit is that it claims it has an attorney's lien related to the short amount of the time it served as co-counsel with Yuhl Carr LLP ("YC").[1] [*Id.*]

EA's status as a discharged attorney with a potential lien does not provide it with standing to assert its Objections. As EA acknowledges, California law is clear that "the trial court in the underlying action has no jurisdiction to determine the existence or validity of an attorney's lien on the judgment." *Carroll v. Interstate Brands Corp.* (2002) 99 Cal.App.4th 1168, 1173. Consequently, a discharged attorney "has no right to intervene" in the main action. *Id.* (citing *Hendricks v. Sup. Ct.*, 197 Cal.App.2d 586, 589 (1961)). Instead, "[a]fter the client obtains a judgment, the attorney must bring a separate independent action against the client to establish the existence of the lien, to determine

---

[1] The amount of EA's purported lien is unspecified. [Frank Decl., ¶ 5.] EA was terminated as Plaintiff's counsel in May 2016, before any discovery and prior to Plaintiff's briefing on Defendant's motion to dismiss. [*Id.*, ¶ 4.]

1

**PLAINTIFF'S OPPOSITION TO NON-PARTY EAGAN AVENATTI LLP'S OBJECTIONS**

the amount of the lien and to enforce it." *Carroll*, 99 Cal.App.4th at 1173. "An order within the underlying action purporting to affect an attorney's lien is void." *Id.*

This rule precluding discharged attorneys from intervening in the main action and holding that the "trial court in the underlying action lacks jurisdiction to affect an attorney lien is founded on the fundamental principle 'that one who is not a party to the proceeding may not may make a motion therein.'" *Brown v. Sup. Ct.*, 116 Cal.App.4th 320, 329 (2004) (quoting *Marshank v. Sup. Ct.*, 180 Cal.App.2d 602, 605(1960).) As the *Brown* court explained: "Indeed, it would seem to confound the reason of the law, in a mere action at law, requiring pleadings to make up issues to be tried between the parties named in the action, that one not interpleaded as a party, neither for nor against whom the court could render any relief or judgment, could, *sua sponte*, come into the litigation for any purpose." 116 Cal.App.4th at 329. Consequently, "the fundamental rule is that the attorney is not a party to the client's action and cannot appear on his or her own behalf to seek *any relief in that action*, including enforcement of a contractual lien against the proceeds of the judgment." *Id.* at 330 (emphasis added).

The only exception to this rule is if the contract between the discharged attorney and the client provides the attorney with a "specific present interest in the subject-matter of the action" such that the attorney could bring a direct action against the defendant. *Brown*, 116 Cal.App.4th at 330; *Marshank*, 180 Cal.App.2d at 605. However, where, as here, the attorney only has an alleged contingent fee interest in the outcome of the litigation, intervention by the discharged attorney is not permitted. *Id.*; *see also Hendricks*, 197 Cal.App.2d at 589 ("An attorney's contingent fee contract does not operate to transfer part of the cause of action to the attorney but only gives him a lien on his client's recovery. He thus has no right to intervene in the main action.").

Accordingly, because EA has no right to intervene in this action and request any relief from this Court, its Objections must be disregarded.

### III. EA IS IMPROPERLY SEEKING TO CIRCUMVENT THE JURISDICTION OF TWO PENDING ARBITRATIONS CONCERNING EA'S PURPORTED LIEN RIGHTS.

In its Objections, EA requests the Court deny the motion for preliminary approval and require the proposed Settlement Agreement be amended such that any award of attorneys' fees and costs be deposited in a joint account with EA. [Objection at 1.] EA attempts to cast its requested relief as "preserving the *status quo*" rather than enforcing its purported lien rights. [*Id.* at 6-7.] However, as established in the previous section, no matter how it characterizes it, EA does not have any standing to intervene in this matter and request "any relief" from this Court. *Brown*, 116 Cal.App.4th at 330.

Moreover, EA's requested relief is clearly seeking to enforce its purported lien rights in this Court. In fact, EA is seeking even greater relief, because EA wants to "tie up" the distribution of the *entire* fee award until the validity and amount of its purported lien are determined. [Objection at 1.] This is highly improper. Under California law, "an attorney employed under a contingent fee contract and discharged prior to the occurrence of the contingency is limited to *quantum meruit* recovery for the reasonable value of services rendered up to the time of discharge, rather than the full amount of the agreed contingent fee." *Spires v. American Bus* Lines, 158 Cal.App.3d 211, 215-16 (1984) (citing *Fracasse v. Brent*, 6 Cal.3d 784, 791 (1972).). In other words, if EA has any lien rights in this case, they are limited to the reasonable value of EA's services prior to discharge, not the entire fee that will be potentially awarded to YC and Frank Sims & Stolper LLP ("FSS") as Class Counsel. By seeking to "tie up" the entire fee award, EA is attempting to obtain rights it could never obtain under California law.

EA is also seeking to circumvent two pending arbitrations that will determine whether EA has any contractual lien rights in this case, and if so, the proper amount of any *quantum meruit* award. *First,* in early March 2016, three months prior to leaving EA, Jason Frank, and his professional corporation Jason Frank Law, PLC ("JFL") filed a lawsuit against EA, in which it will be determined, among of things, whether EA or

JFL is the proper owner of any *quantum meruit* rights in this matter. [Frank Decl., ¶ 5.] *Second*, in July 2016, EA filed a lawsuit against Plaintiff in which it will be determined whether EA has any contractual lien rights against Plaintiff in this case and the "reasonable value" of any services EA provided prior to discharge. [*Id.*] The first arbitration is scheduled to go forward on March 13, 2016 before a three-judge panel consisting of Judge Terry Friedman (Ret.), Judge Judith Ryan (Ret.) and Justice Steven Stone (Ret.) of JAMS. [*Id.*] The second arbitration is scheduled to go forward in August 2016 before Judge Jeffrey King (Ret.) of JAMS. [*Id.*] There are no proper grounds for EA to request this Court to interfere with those arbitrations, and, as established above, there is no jurisdiction to do so under California law. *Brown*, 116 Cal.App.4th at 330; *Carroll*, 99 Cal.App.4th at 1173.

## IV.   EA'S REQUESTED RELIEF IS NOT NECESSARY.

Even if EA had standing (which it does not), EA's requested relief is also not necessary. California law already provides a discharged attorney has a right to file a notice of lien in the underlying action, which EA has done in this case. *Valenta v. Regents of University of California,* 231 Cal.App.3d 1465, 1470 (1991). A separate independent action is then "required to establish the existence and amount of the lien and to enforce it." *Id.* (citing *Hansen v. Jacobsen*, 186 Cal.App.3d 350, 357-58(1986)). As noted above, EA has already initiated a separate action against Plaintiff. [Frank Decl., ¶ 5.]

In the event the pending arbitrations determine EA has a valid contract lien and is entitled *quantum meruit* fees, Class Counsel will honor their obligations under the law and pay any fees awarded to EA. [Declaration of Eric Yuhl ("Yuhl Decl."), ¶ 3; Frank Decl., ¶ 8.]

## V.   EA'S AUTHORITIES ARE INAPPOSITE.

Given California's clear prohibition on discharged attorneys intervening in a former's client underlying action and requesting any relief therein, EA was unable to find any applicable authority to support its Objections and requested relief.

*First,* EA cites four decisions – two against Qwest and two against Sprint – in which attorneys' fees were placed in an escrow account controlled by a claims administrator. [Objections at 5 (citing *Smith v. Qwest Communications Co. LLC*, 2013 WL 3200592, at *4 (N.D. Cal. June 24, 2013); *Zografos v. Qwest Communications Co., LLC*, 2013 WL 3766561, at *4 (D. Or. July 11, 2013); *Bendixen v. Sprint Communications Co. L.P.*, 2013 WL 2949569, at *4 (W.D. Wash. June 14, 2013); *Amundrud v. Sprint Communications Co. L.P.*, 2012 WL 443751, at *4 (D. Mont. Feb. 10, 2012)). But these cases have nothing to do with placing attorneys' fees in a separate escrow account for the benefit of a discharged attorney—as EA is seeking here. [*Id.*] They involve settlement agreements where the parties negotiated the creation of a settlement fund, whereby the defendant would place money into an interest-bearing escrow account maintained by the claims administrator. [*Id.*] Notably, the proposed Settlement in the present case likewise creates a similar settlement fund maintained by the claims administrator from which the payment of attorneys' fees, costs, incentive awards will be deducted. [Frank Decl., ¶ 7.] But like all settlements, the proposed Settlement provides that the attorneys' fees awarded by the Court will then be paid directly to Class Counsel, and specifically to YC. [*Id.*] To the extent EA is suggesting otherwise, it is very common in class action settlements for a defendant to pay class counsel directly without first depositing the amounts in a fund (even though that is not happening in the present Settlement). *See, e.g., Nguyen v. BMW of North America LLC*, 2012 WL 1380276, at *2 (N.D. Cal. April 20, 2012). The *Quest* and *Sprint* cases cited by EA simply have no relevance to the issues presented in EA's Objections.

*Second*, EA relies on the decision in *In re TFT-LCD (Flat Panel) Anti-Trust Litig.*, 2013 WL 1365900, at *7 (N.D. Cal. April 3, 2013). [Objections at *6.] In *TFT-LCD*, the court placed a portion of the attorney's fee award into an escrow account, because a lender (LFG Capital) claimed it had a security interest in the assets of the law firm (Alioto's firm) pursuant to a loan agreement between the parties. *Id.* at *13, *20. The court did so expressly "assuming this Court is the proper forum to adjudicate this

dispute," so that it would have additional time to determine whether it had jurisdiction to determine the validity and amount of the lien. *Id.* at *13. In contrast, under California law, it is clear this Court does not have jurisdiction to adjudicate the validity and amount of EA's purported lien, and EA is not permitted to intervene and request relief in this Court. *Brown*, 116 Cal.App.4th at 329-30.

*Third,* EA found two decisions out of New Jersey and Louisiana in which the court placed fees in an escrow account -- *Desantis v. Snap-On Tools Co. LLC*, 2007 WL 77326, at *7 (D. N.J. 2007) and *Complaint of Clearsky Shipping Corp.*, 1998 WL 898361, at *1 (E.D. La. Dec. 22, 1998). [Objections at 6.] These decisions are likewise inapposite to the present situation, because they do not involve discharged attorneys seeking to intervene in the underlying proceedings. In *Desantis*, the court ordered fees to be placed into a temporary escrow account while it determined the allocation of fees amongst co-counsel who were properly in front of the court. 2007 WL 77326 at *7. Similarly, in *Clearsky Shipping Corp.*, the court placed a portion of the lead counsels' fees in an escrow account while it determined the appropriate fees of co-counsel who, again, were properly before the court. 1998 WL 898361, at *1. These cases are not applicable because EA, as a discharged attorney, is not properly before this Court. *Brown*, 116 Cal.App.4th at 329-30.

*Fourth*, EA cites language from the decision in *Brown* in which the trial court granted a creditor's application for a judgment lien pursuant to a statutory provision (CCP § 708.470) that expressly permitted the underlying trial court to determine the validity of the lien. 116 Cal.App.4th at 335. The *Brown* court noted that when determining whether the judgment lien had priority over a competing attorneys' lien, the trial court could consider delaying the ruling until the attorney litigated the validity of its lien. *Id.* But this was because an order ruling the judgment lien had priority would preclude the attorney from later enforcing its lien. *Id.* That is not the case here. If EA establishes in the two pending arbitrations that it has a valid contractual lien and is entitled to *quantum meruit* fees, then Class Counsel will have an obligation to pay those fees and will honor

that obligation. *Mojtahedi v. Vargas*, 228 Cal.App.4th 974, 979 (2014). In other words, the award of attorneys' fees in the proposed Settlement to Class Counsel does not relieve Class Counsel of its obligations to honor any valid contractual lien, nor does such an award in any way prejudice EA's ability to enforce its lien. Like any other settlement, Class Counsel will be required to respect EA's right to fees if such fees are awarded in the separate arbitration against Plaintiff, and ruled to be the property of EA in JFL's separate arbitration against EA.

## VI. CONCLUSION

For the foregoing reasons, EA's Objections should be rejected by the Court.

Dated: January 20, 2017         FRANK SIMS & STOLPER LLP

                                By:    /s/ Jason M. Frank
                                       Jason M. Frank
                                       Attorneys for Plaintiff