EAGAN AVENATTI, LLP
Michael J. Avenatti (Bar No. 206929)
mavenatti@eaganavenatti.com
520 Newport Center Drive, Suite 1400
Newport Beach, CA 92660
Telephone: 949-706-7000
Facsimile: 949-706-7050

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY BIRBROWER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>QUORN FOODS, INC., a Delaware Corporation and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 2:16−cv−01346−DMG<br><br>Hon. Dolly M. Gee<br><br>**EAGAN AVENATTI, LLP'S REPLY IN SUPPORT OF OBJECTIONS TO PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: February 3, 2017<br>Time: 9:30 a.m.<br>Location: Courtroom 8C |

## I. INTRODUCTION

In her opposition to Eagan Avenatti, LLP's ("EA") Objections to Plaintiff's Notice of Motion and Unopposed Motion for Preliminary Approval of Class Action Settlement ("Objections"), Plaintiff Kimberly Birbrower and her current counsel demonstrate a fundamental misunderstanding of the law in California as it relates to attorneys' fees liens. Indeed, the arguments in opposition to EA objections only further demonstrate why the settlement must be amended in order to provide basic "status quo" protection over the attorneys' fees and costs to be awarded in this case as it is apparent that current counsel intends to distribute the fees and costs without any regard for EA's lien rights.

California law and California Supreme Court precedent is clear - while a separate action must be brought to determine the amount of and validity of an attorney's lien, attorneys may enforce their lien rights pending adjudication of the amount of the lien by objecting to attempts by the parties and their counsel, as here, to settle around the lien and gain control of the fees. See Fletcher v. Davis, 33 Cal.4th 61, 69 (2004) ("[W]hen there is a dispute over the existence or amount of an attorney's charging lien, the attorney can prevent the judgment debtor or the settling party from remitting the recovery to the client until the dispute is resolved).[1] Moreover, as a necessary consequence of a separate action being required to determine *the amount* of an attorney's lien,[2] a court cannot distribute any of an attorneys' fee award that is subject to other attorneys because doing so would require a court to determine how much should be distributed and how much should be retained for the lienholder.[3] Therefore,

---

[1] Plaintiff and her counsel have no answer to Fletcher, which completely undermines their arguments in opposition to EA's position.
[2] Contrary to Ms. Birbrower counsel's argument, the amount of the lien is at issue in, and will be decided in, only one piece of litigation – the lawsuit EA was forced to file against Ms. Birbrower. The arbitration between Mr. Frank and EA, which includes substantial counterclaims brought by EA, has no bearing on EA's lien against the proceeds in this case.
[3] EA maintains it is entitled to well over 80% of the attorneys' fees and costs in this matter because in reality, little work was done following the firm's separation of the

Continued on the next page

the Court should order that the Settlement Agreement be amended to require any award for costs or attorneys' fees be deposited into a joint escrow account or with this Court until resolution of the pending arbitration proceeding between EA and Plaintiff.

## II. ARGUMENT

### A. An Attorneys' Lien Blocks the Settlement of a Case, But its Validity is Determined in a Separate Action.

In California, an attorney's lien is "equitable in nature." <u>Brienza v. Tepper</u>, 35 Cal. App. 4th 1839, 1847 (1995). As the California Supreme Court has explained, an attorney's lien is "'an equitable right to have the fees and costs due to him for services in a suit secured to him out of the judgment or recovery in the particular action, the attorney to the extent of such services being regarded as an equitable assignee of the judgment. It is based ... on the natural equity that a party should not be allowed to appropriate the whole of a judgment in his favor without paying for the services of his attorney in obtaining such judgment.'" <u>Isrin v. Superior Court</u>, 63 Cal. 2d 153, 158–159 (1965)) (italics omitted, quoting <u>Tracy v. Ringole</u>, 87 Cal. App. 549, 551 (1927)). In securing such a lien, the attorney acquires a "professional interest" in the action, but not "the beneficial rights of a real party in interest." <u>Isrin</u>, 63 Cal. 2d at 161.

Although contingency fee agreements do not automatically create an attorney's lien, they impose a lien when "the parties have manifested an intention that the attorney shall look to the judgment as security for his fee." <u>Isrin</u>, 63 Cal. 2d at 157. Alternatively, an attorney's lien may be created by an agreement under which the attorney defers his or her fee. <u>Cetenko v. United California Bank</u>, 30 Cal. 3d 528, 531-36 (1982).

Generally, "[a]n equitable lien is a right to subject property not in the possession of the lienor to the payment of a debt as a charge against that property." <u>Farmers Ins.</u>

---

Continued from the previous page
three attorneys from the firm prior to settlement.

Exchange v. Zerin, 53 Cal. App. 4th 445, 453 (1997). **In the case of an attorney's lien (as here), the attorney's right to the specified property <u>comes into existence at the time of the attorney-client agreement.</u>** As the court explained in Saltarelli & Steponovich v. Douglas, 40 Cal. App. 4th 1, 6 (1995): "An attorney's lien arises upon execution of the retainer agreement. While a discharged attorney must file an independent action to establish the amount of the lien and to enforce it, **a judgment on the lien is not a condition precedent to its existence or viability.**" (citations omitted, emphasis added). In other words, Eagan Avenatti, LLP has a lien over the proceeds in this lawsuit. Accordingly, that lien, and its attendant rights, must be respected under the law by all counsel and all parties.

Epstein v. Abrams, 57 Cal. App.4th 1159 (1997) is instructive. There, an attorney represented the defendants and cross-complainants in a breach of contract action under a fee agreement that purported to create an attorney's lien against a recovery under the judgment. Id. at 1163–64. After the attorney succeeded in obtaining summary judgment on behalf of one of his clients, the client was dismissed from the action and the trial court issued a contractual attorney fee award in the client's favor. Id. Although the plaintiffs noticed an appeal from the award, they apparently took no effective action to prevent an execution on the fee award, as the attorney levied assets from them valued at approximately 40 percent of the award. Id. Despite the levy, the client declined to pay any fees to the attorney. Id. at 1164. As a result, the attorney withdrew from the representation, served notices of his lien on all parties, and began an independent action to enforce the lien.

After the client restored the levied assets to the plaintiffs, they dismissed their appeal and asked the trial court to approve a global settlement of the action under which the client was to execute a satisfaction of judgment regarding the fee award. Id. at 1165–66. The court granted the request. Id.

The Court of Appeal, however, reversed, holding that the trial court lacked jurisdiction to approve the settlement, as the validity of the attorney's lien could be

determined only in the attorney's independent action. Epstein, 57 Cal. App.4th at 1166–67. In the alternative, the Court of Appeal concluded that even if the trial court had the authority to approve the settlement, it abused its discretion in doing so. Id. at 1169. The Court further determined that the plaintiffs had acted improperly in seeking approval of the settlement despite notice of the attorney's lien, because the Supreme Court has stated that when a contingent fee agreement creates such a lien, "neither the client nor the opposite party, if the latter has knowledge of the attorney's rights ..., can so compromise the litigated subject matter as to defeat the attorney's rights." Id. at 1170. (italics omitted) (quoting Jones v. Martin, 41 Cal. 2d 23, 27–28 (1953) (overruled on another ground in Fracasse v. Brent, 6 Cal.3d 784, 791–792 (1972)). Despite this clear admonition by California Supreme Court precedent, counsel in this matter – both for the Plaintiff and the Defendant – seek to impair EA's rights by having this Court approve the settlement agreement and then use that approval as "judicial cover" to allow them to then distribute the fees and costs to the detriment of EA. This is not permitted under California law.

## B. EA has Standing to Seek to Prevent The Parties and Their Counsel In This Case from Disregarding the Attorneys' Lien.

The California Supreme Court has made it clear that the discharged attorney has an absolute right to protect his lien rights ***well prior to any formal adjudication of the amount of the lien.*** See Fletcher v. Davis, 33 Cal.4th 61 (2004). Indeed, the discharged attorney is even able to delay settlement altogether, even that portion belonging to the client,[4] pending an adjudication of the lien. "Although a charging lien does not grant an attorney the power to summarily extinguish the client's interest in any recovery, a charging lien could significantly impair the client's interest by delaying

---

[4] As noted previously, despite its ability to do so, EA has no objection to the monies or benefits due the class from being distributed pending a determination of EA's lien rights.

payment of the recovery or settlement proceeds until any disputes over the lien can be resolved." Id. At 68-69.

In fact, the Supreme Court held in Fletcher that

> [W]hen there is a dispute *over the existence or amount* of an attorney's charging lien, the attorney can prevent the judgment debtor or the settling party from remitting the recovery to the client until the dispute is resolved. (Ex parte Kyle (1851) 1 Cal. 331, 332, 1850 WL 645 [an attorney with a charging lien "may stop the money *in transitu*, by giving notice to the opposite party not to pay it, until his claim for costs be satisfied, and then moving the court to have the amount of his costs paid to him in the first instance"]; see generally 7 Am.Jur.2d (1997) Attorneys at Law, § 342, p. 335 [charging lien grants attorney "the right to have the court interfere to prevent payment by the judgment debtor to the creditor in fraud of the attorney's right to it"].)

Fletcher, 33 Cal. 4th at 69.

The Supreme Court further added that alternatively,

> [W]hen the settlement draft is made jointly payable to the client and the attorney, the attorney may refuse to endorse the check until the dispute is resolved. (Vapnek et al., Cal. Practice Guide: Professional Responsibility (The Rutter Group 2003) ¶¶ 5:830.) Even when the proceeds have been deposited in the client's trust account, the attorney may withhold an amount equivalent to the disputed portion. (Id., ¶ 5:829; Flahavan et al., Cal. Practice Guide: Personal Injury (The Rutter Group 2003) ¶ 4:544.) *In each of these instances when the charging lien is disputed, the client's recovery will be "'tied up until everyone involved can agree on how the money should be divided ... or until one or the other brings an independent action for declaratory relief.'"* (citations omitted).

Fletcher, 33 Cal. 4th at 69 (emphasis added).

Fletcher makes clear that an attorneys' lien operates to prevent distribution of settlement funds prior to resolution of a fee dispute. By arguing that EA lacks standing

to ask the Court to adjust the settlement so that it complies with California law governing attorneys' liens and respects EA's lien, Birbrower ignores Fletcher and asks this Court to do the same. California Supreme Court precedent, however, cannot so simply be cast aside and ignored.

Further, it is clear that under California law, it is proper for an attorney to file a motion opposing a settlement that ignores an attorneys' lien. The attorney in Epstein did just that, despite being neither a plaintiff nor defendant, but rather a claimant. See 57 Cal. App. 4th at 1165. There, when the trial court approved the settlement anyway, that decision was overturned on appeal because it is "an abuse of discretion for the trial court to do so." Id. at 1169.

In addition, federal courts have inherent power that allows the Court to address EA's objection to the settlement terms:

> [A] district court's traditional authority to ensure that lawyers do not leave their clients in the lurch (by leaving the case without permission from the court) or to ensure that the clients do not leave their lawyers in the lurch (by failing to pay them) does not turn on new claims filed by lawyers against clients or new claims filed by clients against lawyers. No intervention is required for a lawyer to ask a district court to ensure that he be paid for his work. And no complaint or claim need be filed against the client to ensure this happens. A motion by the lawyer in the case and/or a charging lien will suffice. When all that the lawyer seeks is payment for services performed, payment of a contingency fee or payment from a common fund, all in a pending case, there is no reason to intervene, to file a new claim or even to become a "party" to the case—leaving the resolution of this issue not to the intricacies of § 1367 but to the traditional authority of a district court over the parties and lawyers before it.

Exact Software N. Am., Inc. v. DeMoisey, 718 F.3d 535, 544-45 (6th Cir. 2013) (federal court could address fee dispute when client fired attorney and attorney placed charging lien on settlement proceeds). Federal courts also routinely find that supplemental jurisdiction exists to hear fee disputes arising out of the cases before them.

See Alvarado v. Young, 436 F. App'x 746, 748 (9th Cir. 2011) (stating that "It is well-established that courts have jurisdiction over 'fee disputes arising from litigation pending before a district court.'") (citing Curry v. Del Priore, 941 F.2d 730, 731 (9th Cir.1991)); Exact Software N. Am., Inc., 718 F.3d at 541 (6th Cir. 2013). Therefore, EA has standing to ask the Court to modify the settlement to protect its lien and the Court has the authority to do so.

The current matter pending against Ms. Birbrower in the Orange County Superior Court is the proper venue for the validity and amount of EA's lien to be determined, but pending that determination, the Court should exercise its jurisdiction to ensure the attorneys' fees and costs are not mishandled or improperly distributed. This is even more true in light of this Court's inherent obligation in a class action to protect the class from later claims of inappropriate distribution of attorneys' fees and costs.

### C. Until The Amount of EA's Attorneys' Fees and Costs Share Is Determined, The Court Must Hold the Entire Portion in Escrow.

Plaintiff argues that EA is not entitled to the full amount of the contingent fee. [Motion at 3.] EA acknowledges that its recovery is limited to a quantum meruit basis under California law, but the amount cannot be calculated by this Court and will be determined in the lawsuit EA was forced to bring against Ms. Birbrower. Accordingly, the Court must by necessity "tie up" the entire fee award, because it lacks the jurisdiction required to determine the specific amount it should hold. In fact, a client's former attorney is permitted to refuse to sign a settlement joint draft that is payable to him when he holds a lien on the settlement, stopping *any of the settlement from being distributed*, if the client is unwilling to place the disputed fee in a trust account or blocked account. See Matter of Feldsott, No. 94-O-19578, 1997 WL 672661, at *3 (Cal. Bar Ct. Oct. 17, 1997). What EA seeks, however, is much less extreme. EA's request that the attorneys' fees and costs temporarily be placed in an escrow account or

deposited with the Court will not interfere with Plaintiff or class members at all - their share of the settlement can be freely distributed.

### D. Placing the Attorneys' Fees in an Escrow Account or Depositing Them With the Court is the Prudent Approach That Results in No Prejudice

In its objection, EA noted that escrow accounts are a standard element of class action settlements. [Objections at 5.] Given that an escrow account is a standard term of class action settlements (including ones where there are not any fee disputes), the Court would not be treading new ground in using one here to ensure the fees and costs are properly handled and distributed. Tellingly, Plaintiff does not make any objections to the appropriateness of using an escrow account (as opposed to some other method) to hold the attorneys' fees award pending resolution of the arbitration proceedings. Instead, Plaintiff argues that "under California law, it is clear this Court does not have jurisdiction to adjudicate the validity and amount of EA's purported lien, and EA is not permitted to intervene and request relief in this Court." [Opposition at 6.] EA is not intervening and does not wish to do so, but rather seeks the much more limited relief of having the Court prevent distribution of the attorneys' fees award until the amount of its lien can be determined in the lawsuit it has filed.

EA previously cited Brown for the proposition that distributing funds subject to an attorneys' lien could "constitute a denial of substantial justice and therefore an abuse of discretion for the trial court to direct payment of the judgment proceeds to [someone else] without giving [the law firm] a fair opportunity to first litigate the validity of his lien claim in a separate action." Brown, 116 Cal. App. 4th at 335. In that case, the issue arose because a creditor sought an order that the creditor's right to money under an attorney's client's judgment be applied to satisfy the creditor's judgment lien. Id. at 325. Contrary to what Plaintiff claims, this language has *nothing to do* with the trial court ruling on the priority of the attorneys' lien; that is *not* what the creditor sought. Instead, Brown's holding is a broader warning that courts should always consider

whether their orders will prejudice attorneys' liens that have not yet been litigated. Plaintiff claims the Brown court reasoned as it did because "an order ruling the judgment lien had priority would preclude the attorney from later enforcing its lien" but that does not appear anywhere in the opinion. [Opposition at 6.] Brown did not specify that both liens could not be satisfied from the judgment (and it could not without knowing the value of the attorney's lien, which would be determined in a separate proceeding).

Plaintiff argues that her counsel will honor their obligation to pay EA's portion of the attorneys' fees award. [Opposition at 6-7.] But under the circumstances, EA is not required to blindly trust Plaintiff's remaining counsel. And even though Plaintiff's counsel would certainly be liable for EA's share of the award if it is distributed now, that does not somehow negate the hold the lien places on distributing the award *by law* and Plaintiff cites no authority supporting this meritless argument.

Only by placing the award in an escrow account or depositing it with the court can EA's rights, and ultimately the liability of the class, be protected. Indeed, Plaintiff's counsel have already demonstrated that they will not comply with their ethical obligations to EA, not the least by having failed to keep EA informed of the settlement progress of this action. See California State Bar Formal Opinion 2008-175 (http://ethics.calbar.ca.gov/LinkClick.aspx?fileticket=g6_c744oRPM%3D&tabid=838). If the fees and costs are distributed now in contravention of EA's lien rights, there is no guarantee that EA will ever be able to recover their share from Plaintiff's counsel. And there is little to no prejudice associated with ensuring that all attorneys, EA included, are protected as it relates to the fees and costs. Accordingly, the Court should adopt a prudent course of action and require that the attorneys' fees and costs award be placed in an escrow account or deposited with the Court.

### III.   CONCLUSION

For the foregoing reasons, EA respectfully requests that the motion be denied and that the Court order that the Settlement Agreement be amended to require any award for costs or attorneys' fees be deposited into a joint escrow account or with this Court until resolution of the pending litigation proceeding between EA and Plaintiff.

DATED: January 23, 2017          EAGAN AVENATTI, LLP


By: _____/s/ Michael J. Avenatti_____
    MICHAEL J. AVENATTI
    Attorneys for Plaintiffs