**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KIMBERLY BIRBROWER, an individual, | Case No.: CV 16-1346 DMG (AJWx) |
| Plaintiff, | **PRELIMINARY APPROVAL ORDER [32]** |
| vs. | |
| QUORN FOODS, INC., a Delaware Corporation and DOES 1 through 100, inclusive, | |
| Defendant. | |

WHEREAS, Plaintiff Kimberly Birbrower ("Plaintiff") filed this proposed nationwide class action against Defendant Quorn Foods, Inc. ("Defendant" or "Quorn") on or about January 22, 2016 in California Superior Court;

WHEREAS, this case was timely removed to this Court on or about February 26, 2016;

WHEREAS, Plaintiff filed the operative First Amended Complaint ("FAC") in this action on or about March 30, 2016;

WHEREAS, Defendant filed a Motion to Dismiss the FAC on or about May 20, 2016;

WHEREAS, Plaintiff filed an Opposition to the Motion to Dismiss on or about June 7, 2016;

WHEREAS, on or about August 31, 2016, the Parties stipulated to take the Motion to Dismiss off-calendar while the Parties attempted to finalize a settlement of this matter;

WHEREAS, on or about December 14, 2016, Plaintiff on behalf of herself and a proposed Settlement Class reached a proposed Settlement with Defendant in this action;

WHEREAS, the Parties have applied to the Court for preliminary approval of the proposed Settlement, the terms and conditions of which are set forth in the Settlement Agreement filed with the Court (the "Settlement" or "Settlement Agreement"), which is attached as Exhibit A to the Memorandum of Points and Authorities in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval");

WHEREAS, the Court has preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient for preliminary approval and to warrant the issuance of notice to members of the Class;

AND NOW, the Court, having read and considered the Settlement Agreement and accompanying documents and the Motion for Preliminary Approval and supporting papers, and the Parties to the Settlement Agreement having consented to the entry of

1    this order;

2         **IT IS HEREBY ORDERED AS FOLLOWS:**

3         1.      The Court, for purposes of this Order, adopts and incorporates herein by

4    reference all defined terms set forth in the Settlement Agreement.  All capitalized terms

5    herein have the definitions set forth in the Settlement Agreement unless otherwise

6    indicated.

7         2.      The Court has jurisdiction over the subject matter of this action, the

8    Settling Parties and all proposed members of the Settlement Class.

9         3.      The Court certifies the following proposed Settlement Class for settlement

10   purposes only:

11              All persons in the U.S. who purchased Quorn Products in the

12              U.S. for personal or household consumption (and not for resale)

13              during the Class Period of January 26, 2012 through December

14              14, 2016.

15   (the "Settlement Class").  Excluded from the Settlement Class are:  (a) Quorn, its

16   related entities, parent companies, subsidiaries, and affiliates, and their respective

17   officers, directors, and employees; (b) All persons claiming to be subrogated to the

18   rights of Class Members; (c) Individuals and /or entities who validly and timely opt-out

19   of the Settlement; (d) Individuals who previously released their claims against Quorn;

20   (e) Individuals who assert claims for personal injuries arising from their purchase and

21   consumption of Quorn Products; and (f) Any judge to whom this matter is assigned, and

22   his or her immediate family (spouse, domestic partner, or children).

23        4.      The Court appoints Jason M. Frank and Scott H. Sims of Frank Sims &

24   Stolper LLP and Eric F. Yuhl and Colin A. Yuhl of Yuhl Carr LLP to serve as Class

25   Counsel.

26        5.      The Court appoints Plaintiff Kimberly Birbrower to serve as the Class

27   Representative.

28        6.      The Court finds that the proposed Settlement Class satisfies the

requirements of Rule 23 of the Federal Rules of Civil Procedure, subsections (a) and (b)(3).  Specifically, the Court finds that:

(a)     The Settlement Class is so numerous that joinder of all members is impracticable;

(b)     There are questions of law or fact common to the Settlement Class;

(c)     The claims of the Class Representative are typical of the claims of the members of the Settlement Class;

(d)     The Class Representative and Class Counsel will fairly and adequately represent the interests of the Settlement Class.  There are no conflicts of interest between the Class Representative and Class Counsel, on the one hand, and the members of the Settlement Class, on the other hand.

(e)     Questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class.

(f)     Certification of the Settlement Class is superior to other methods for the fair and efficient adjudication of this controversy.  The prosecution of separate actions by or against individual members of the Settlement Class would create a risk of inconsistent or varying adjudications, which would risk establishing incompatible standards of conduct for the Defendant.

7.     As provided for in the Settlement Agreement, if the Court does not grant Final Approval of the Settlement, or if the Settlement is terminated in accordance with its terms, then the Settlement Agreement and the certification of the Settlement Class will be vacated and the litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the propriety of class certification or any other issue.

8.     The Court preliminarily approves the terms and conditions of the Settlement set forth in the Settlement Agreement.

9.     The Court preliminarily finds the Settlement Agreement was the product

of serious, informed, non-collusive negotiations conducted at arms' length by the Parties.  In making this preliminary finding, the Court considered the nature of the claims, the amounts and kinds of benefits paid in Settlement, the allocation of Settlement proceeds among the Class members, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial.  The Court further preliminarily finds that the terms of the Settlement Agreement have no obvious deficiencies and do not improperly grant preferential treatment to any individual Class member.

10.    Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court preliminarily approves the Settlement as fair, reasonable and adequate to the Class, as falling within the range of possible final approval, as meriting submission to the Class for its consideration and directs the Settling Parties to proceed to provide Notice of the Settlement to all members of the Class.

11.    Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court preliminarily finds that the incentive awards sought for the Class Representatives and the attorneys' fees and costs as provided for in the Settlement Agreement are fair and reasonable.

12.    The Class Representatives and Class Counsel are authorized to enter into the Settlement Agreement on behalf of the Settlement Class, subject to final approval by this Court of the Settlement.  The Class Representatives and Class Counsel are authorized to act on behalf of the Settlement Class with respect to all acts required by the Settlement Agreement or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Settlement Agreement.

13.    The Court approves Atticus Administration LLC to serve as the Claims Administrator and to administer the notice and claims procedures set forth in the Settlement Agreement.

14.    The Court approves, as to form and content, the Long Form Notice and

Claim Form, which are attached to Plaintiff's Motion for Preliminary Approval as Exhibits B and C, subject to the edits that the Court has communicated to the parties.

15.    The Court directs the Claims Administrator to publish notice of the Settlement on the internet in conformance with the Notice Plan set forth in the Settlement Agreement and as described in detail in the Declaration of Christopher Longley filed concurrently with the Motion for Preliminary Approval.  By agreement, the Claims Administrator and the Parties may make non-material changes to the Long Form Notice and/or the Claim Form if necessary for formatting purposes or to reflect any changes directed by the Court or this Order.

16.    The Court further directs the Claims Administrator to set up the Settlement Website (www.QuornFoodsSettlement.com) and publish further notice of the Settlement on the Settlement Website as provided for in the Settlement Agreement and Declaration of Christopher Longley filed concurrently with the Motion for Preliminary Approval.

17.    The Court orders the Claims Administrator to begin publishing notice on **February 15, 2017**, which will be the beginning of the Claims Period.  The Settlement Website likewise should be accessible by the public on the first day of the Claims Period.

18.    The Court finds the manner and content of the Notice ordered herein will provide the best notice practicable under the circumstances and fully complies with due process and applicable federal law.  The Notice Plan approved herein constitutes due and sufficient notice to the Settlement Class, and will adequately inform members of the Settlement Class of their right to exclude themselves from the Settlement Class so as not to be bound by the terms of the Settlement Agreement and how to object to the Settlement.  The parties shall file a joint status report regarding the submission of claims by **April 28, 2017**.

19.    The deadline for filing any Application for Attorneys' Fees, Costs and Incentive Awards will be **March 1, 2017**.

20.     Members of the Settlement Class who wish to file objections to the Settlement must do so no later than forty-five (45) days after Notice of the Settlement is first published to the Settlement Class (the "Objection Deadline"). It is contemplated by this Order that the Objection Deadline will be **March 30, 2017**. The objection must be postmarked by no later than March 30, 2017 and mailed to the Claims Administrator. In order for an objection to be valid, the objection must be in writing and include: (a) the objector's name, address, telephone number and signature; (b) documents sufficient to allow the Parties to confirm the objector is a member of the Settlement Class, including but not limited to a valid Claim Form with a Proof of Purchase Receipt or Alternative Proof of Purchase Document; (c) a detailed statement of their specific objection; and (d) the grounds for each such objection, as well as any authority or documents they wish the Court to consider. The Claims Administrator shall promptly forward copies of all objections to Class Counsel and counsel for Defendant. Class Counsel shall submit a copy of all objections received when filing the Motion for Final Approval.

21.     Any objecting member of the Settlement Class may appear, in person or through counsel, at the Final Approval Hearing to show cause why the proposed Settlement should not be approved as fair, adequate or reasonable, or to otherwise object to any petition for attorneys' fees and costs or incentive awards. If the objector intends to appear at the Final Approval Hearing, he or she must have mailed a timely objection to the Claims Administrator as described in paragraph 20, above. Any Class member who does not object in the foregoing manner shall be deemed to have waived all objections and shall be foreclosed from making any objection to the Settlement. Any objector who does not submit a timely objection may be barred from speaking or otherwise presenting any views at the Final Approval Hearing.

22.     Members of the Settlement Class who wish to request exclusion or "opt out" of the Settlement Class must do so no later than forty-five (45) days after Notice of the Settlement is first published to the Settlement Class (the "Request for Exclusion

Deadline"). It is contemplated by this Order that the Request for Exclusion Deadline will be **March 30, 2017**. The Request for Exclusion must be postmarked by no later than March 30, 2017 and mailed to the Claims Administrator at the address provided in the Class Notice. The Claims Administrator· shall promptly forward copies of all Requests for Exclusion to Class Counsel and counsel for Defendant. If more than five hundred (500) members of the Settlement Class submit valid and timely Requests for Exclusion, then Quorn shall have the right to withdraw or terminate the Settlement Agreement prior to the Final Approval Hearing.

23.   Any member of the Settlement Class who elects to be excluded shall not be entitled to receive any of the benefits of the Settlement, shall not be bound by the release of any claim pursuant to the Settlement Agreement, and shall not be entitled to object to the Settlement Agreement or appear at the Final Approval Hearing.

24.   Claims must be filed or post-marked no later than one hundred and five (105) days after Notice of the Settlement is first published to the Settlement Class (the "Deadline for Filing Claims"). It is contemplated by this Order that the Deadline for Filing Claims will be on or before **June 1, 2017**. The Claim Form must be submitted to the Claim Administrator by U.S. Mail or electronically online at www.QuornFoodsSettlement.com by the Deadline for Filing Claims.

25.   The Claims Administrator will be responsible for screening and validating the Claims submitted by Settlement Class Members to determine the timeliness of the submission, the completeness of the Claim Form and submission of the applicable Proof of Purchase Receipt or Alternative Proof of Purchase documentation. If the Claims Administrator determines that a Claim is incomplete or deficient in any way, then the Claims Administrator will promptly send by email or mail a written explanation stating the reasons for the deficiency, including the steps the individual can take to cure the deficiencies. The individual receiving such a notice will have thirty (30) days to submit the materials necessary to cure the deficiencies. Failure to provide the curative information requested by the Claims Administrators will result in a denial

of the Claim.  The Claims Administrator will be the final arbiter as to whether a Claim Form is valid, unless the Parties seek further review by the Court.

26.    No later than ten (10) days prior to the Deadline for Plaintiff's Motion for Final Approval, the Claims Administrator shall provide Class Counsel with a Declaration (a) attesting that Notice was disseminated in a manner consistent with this Order and the terms of the Settlement Agreement; (b) providing a summary of the total amount of Claims submitted to date; (c) providing a summary of the total number of valid and timely Requests for Exclusion, including a list of the names of the Settlement Class Members who requested exclusion; and (d) providing a summary of the total number of objectors who filed valid and timely objections in conformance with the requirements of this Order and the Settlement Agreement.  It is contemplated by this Order that the Claims Administrator will provide this Declaration to Class Counsel on **June 20, 2017**.  Class Counsel will file this Declaration with the Court with the Motion for Final Approval.

27.    The Deadline for Plaintiff to file a Motion for Final Approval shall be **June 30, 2017** (the "Deadline for Plaintiff's Motion for Final Approval").

28.    A Final Approval Hearing shall be held before this Court at **9:30 a.m.** on **September 1, 2017** in **Courtroom 8C** at **350 West First Street, Los Angeles, California 90012.**  The Final Approval Hearing will address:  (a) whether the proposed Settlement should be finally approved as fair, reasonable and adequate, and whether the Final Approval Order and Judgment should be entered; and (b) whether the application for attorneys' fees, costs, expenses and incentive awards should be approved.  The date and time of the Fairness Hearing shall be set forth in the Class Notice.  The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement Agreement.

29.    Pending the final determination of whether the Settlement should be approved, all trial proceedings in the instant case are stayed and all members of the Settlement Class members are enjoined from commencing or continuing any action or

proceeding in any court or tribunal asserting any claims encompassed by the Settlement Agreement, unless the Settlement Class Member "opts out" by filing a timely and valid Request for Exclusion.  If the Settlement is terminated or if final approval is not granted for any reason, the stay shall be immediately terminated.

30.    If the Settlement is finally approved by the Court, the Court shall retain jurisdiction over the Settling Parties, the Settlement Class Members, and this Action, only with respect to matters arising out of, or in connection with, the Settlement, and may issue such orders as may be necessary to implement the terms of the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, without further notice to the Settlement Class.

31.    The Settlement Agreement and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing by Defendant or the truth of any of the claims, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way whether in this Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Settlement Agreement, this Order and/or the Final Judgment and the Order of Dismissal.

32.    In the event the proposed Settlement is not finally approved by the Court, or in the event the Settlement Agreement becomes null and void pursuant to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purpose whatsoever in this Action or in any other case or controversy; in such event the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

33.    The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class.  The Court reserves the right to adjourn and/or reschedule the Final Approval Hearing without further notice of any kind; therefore, any member of the Settlement Class intending to attend the Final Approval Hearing should (in addition to complying with all instructions and requirements above) confirm the date, time, and location of the Final Approval Hearing with Class Counsel.  The Final Approval Hearing may from time to time be continued by order of the Court and without further notice to the Class.

**IT IS SO ORDERED.**

DATED:  February 6, 2017                    _____
                                            DOLLY M. GEE
                                            UNITED STATES DISTRICT JUDGE