THEODORE H. FRANK (SBN 196332)
Competitive Enterprise Institute
  Center for Class Action Fairness
1310 L Street NW, 7th Floor
Washington, DC 20005
Voice: (202) 331-2263
Email: ted.frank@cei.org

*Attorney for Objector Alida Kass*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY BIRBROWER, an individual,<br><br>                         Plaintiff,<br><br>        vs.<br><br>QUORN FOODS, INC., a Delaware Corporation and DOES 1 through 100, inclusive,<br><br>                         Defendant.<br><br>Alida Kass,<br><br>                         Objector. | Case No. 2:16-cv-01346-DMG (AJW)<br><br>**DECLARATION OF ALIDA KASS IN SUPPORT OF HER OBJECTION**<br><br>Date:        September 1, 2017<br>Time:       10:30 a.m.<br>Location:  Courtroom 8C |

*Birbrower v. Quorn Foods, Inc.*, 2:16-cv-01346-DMG (AJW)
DECLARATION OF ALIDA KASS IN SUPPORT OF HER OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT

I, Alida Kass, declare as follows:

1. I have personal knowledge of the facts set forth herein and, if called as a witness, could testify competently thereto.

2. My home address is 37 Elmwood Avenue, Chatham, NJ 07928. My telephone number is 609-649-4067.

3. During the class period of January 2012 to December 2016, I purchased multiple frozen Quorn products, including "chicken" patties and "chicken" nuggets, on several occasions. I regularly shop at three local grocery stores: Kings in Chatham, NJ; Whole Foods in Madison, NJ; and Stop & Shop in Madison, NJ. My purchases of Quorn were at one or more of these grocery stores, but I do not remember which, because, like most normal people, I do not save years-old grocery receipts.

4. My purchases were for my household's use and not for resale; I have never resold any Quorn product. Neither I nor anyone in my immediate family is an employee, officer, director, legal representative, heir, or successor of Quorn Foods, Inc. or any affiliated entity.

5. On or about March 14, 2017, I filed a claim in the proposed settlement electing to receive $5 using the alternate proof of payment in the form of an American Express receipt for the month of [month] showing my purchases at each of these three grocery stores. A true and accurate copy of the claim form I submitted and the credit card statement used for my claim is attached as **Exhibit 1**. (The credit card statement has the name of my husband, David Kass; we have a joint credit card account.) As allowed by the Settlement Agreement, non-relevant charges have been redacted from my credit card statement.

6. Shortly after submitting my claim online, I received an email from info@QuornFoodsSettlement.com. The email says, "Your Claim Form #2601 was received on March 15th, 2017 for the Quorn Foods Settlement," though it also says it was e-mailed the evening of March 14. A true and accurate copy of this email is attached as **Exhibit 2**.

7. It would have been conceivably possible for me to file a claim for more than $5, but the claims process was so burdensome, I decided to make a claim for only one month.

*Birbrower v. Quorn Foods, Inc.*, 2:16-cv-01346-DMG (AJW)   1
DECLARATION OF ALIDA KASS IN SUPPORT OF HER OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT

8. I learned about this settlement through a social conversation in March 2017 with Theodore H. Frank, who now represents me. We were discussing cases we were each working on, and the Quorn matter was one of them. I knew I was a class member and upon learning more about the case asked if Mr. Frank would represent me in filing an objection to the proposed settlement.

9. Prior to my conversation with Mr. Frank, I received no notice of the matter and I specifically cannot recall ever seeing an internet banner ad for the settlement. I have a loyalty card at Stop & Shop, and if I purchased Quorn at that supermarket, it would have had my name and address.

10. I understand that the proposed settlement requires Quorn to remove references to "mushrooms, truffles and morels" from their packaging and also state that mycoprotein is a "mold (member of the fungi family)" rather than a "member of the fungi/mold family." I cannot imagine how these changes would provide any benefit to me.

11. I have never before filed an objection to a class action settlement. My attorney, Theodore H. Frank, has represented numerous objectors and secured many improved settlements on behalf of unnamed class members. His background in consumer class action objections is set forth in the Declaration of Theodore H. Frank, which will be contemporaneously filed in support of my objection.

12. I bring this objection because I believe the proposed settlement is unfair, and I hope to protect the interests of unnamed class members. I have no intention of settling this objection for any sort of side payment, and I would gladly agree not to accept any payment for settling this objection. Neither I nor my counsel should be compensated unless valuable relief is delivered to the entire class. I have received no compensation or inducement from my attorney, my employer, or any other entity or person for bringing this objection. I object for the reasons specified in the contemporaneously-filed objection.

13. I am familiar with the work of Mr. Frank because I have invited him to speak about his class-action work or developments in class-action law before events I have organized

for the New Jersey Lawyers Chapter of the Federalist Society and for my employer, the New Jersey Civil Justice Institute, which shares Mr. Frank's organization's goals of ending class-action abuse. New Jersey Civil Justice Institute was one of three organizations that filed *amicus* briefs in support of Mr. Frank's *certiorari* petition in *Frank v. Poertner*.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 30, 2017, in Chatham, New Jersey.

_____
Alida Kass

*Birbrower v. Quorn Foods, Inc.*, 2:16-cv-01346-DMG (AJW)                                    3
DECLARATION OF ALIDA KASS IN SUPPORT OF HER OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically served the foregoing on all CM/ECF participating attorneys at their registered email addresses, thus effectuating electronic service under S.D. Cal. L. Civ. R. 5.4(d).

DATED this 30th day of March, 2017.

/s/ *Theodore H. Frank*
Theodore H. Frank

# CERTIFICATE OF SERVICE PURSUANT TO CLASS NOTICE AND PRELIMINARY APPROVAL ORDER

Pursuant the requirements of class notice and Preliminary Approval Order, Dkt. 39 ¶¶ 20-21, I hereby certify that on this day I caused service of the forgoing on the following parties, postmarked or emailed as of this date:

| | |
|---|---|
| Atticus Administration<br>Attn: Objection<br>P.O. Box 582959<br>Minneapolis, MN 55458 | *Via First Class Mail* |
| Jason M. Frank, Esq.<br>Scott H. Sims, Esq.<br>Frank Sims & Stolper LLP<br>19800 MacArthur Blvd.<br>Suite 855<br>Irvine, CA 92612<br>eyuhl@yulcarr.com | *Via First Class Mail and Email* |
| Eric Y. Kizirian, Esq.<br>Lewis Brisbois Bisgaard & Smith, LLP<br>633 West 5th Street<br>Suite 4000<br>Los Angeles, CA 90071 | *Via First Class Mail* |

DATED this 30th day of March, 2017.

/s/ *Theodore H. Frank*
Theodore H. Frank

*Birbrower v. Quorn Foods, Inc.*, 2:16-cv-01346-DMG (AJW)   4
DECLARATION OF ALIDA KASS IN SUPPORT OF HER OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT